NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |  |
|---|---|---|
| ALBERT MIKHAYLOVICH BARATOV, | : | Civ. Action No. 17-3775 (RMB) |
|  | : |  |
| Plaintiff, | : |  |
| v. | : | **OPINION** |
|  | : |  |
| THOMAS R. KANE *et al.*, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

**APPEARANCES:**

ALBERT MIKHAYLOVICH BARATOV
FCI Fort Dix
East: P.O. Box 2000
Fort Dix, New Jersey 08640
     Plaintiff, *pro se*

JESSICA O'NEILL
Assistant U.S. Attorney
Office of the U.S. Attorney
District of New Jersey
401 Market Street, 4th floor
P.O. Box 2098
Camden, New Jersey 08101
     On behalf of Defendants Thomas R. Kane and Rand Beers

**BUMB**, District Judge

     Plaintiff Albert Mikhaylovich Baratov, an inmate confined in

the Federal Correctional Institution in Fort Dix, New Jersey ("FCI

Fort Dix") filed this action on May 23, 2017, seeking declaratory

and injunctive relief to have an ICE detainer that was lodged against

him removed to allow his consideration for placement in a residential

reentry center ("RRC"). (Compl., ECF No. 1.) This matter is now before

the Court upon the motion to dismiss by Defendants Thomas R. Kane and Rand Beers ("Federal Defendants") (Fed. Defs' Mot. to Dismiss, ECF No. 7; "Fed. Defs' Brief," ECF no. 7-1); and Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Pl's Mem.," ECF Nos. 8 and 9). This matter is also before the Court for screening pursuant to 28 U.S.C. § 1915A. The standard for dismissal for failure to state a claim pursuant to § 1915A(b) is the same as the standard under Federal Rule of Civil Procedure 12(b)(6). Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)).

On February 12, 2018, the Federal Defendants submitted to this Court the Declaration of Mary McCollum, stating that Plaintiff was transferred to FCI Allenwood where he can participate in a hearing on his ICE detainer through the Institution Hearing Program ("IHP"). (Fed. Defs' Letter, ECF No. 10; Declaration of Mary McCollum, ECF No. 10-1.) The parties have not notified the Court of a decision made in the IHP proceedings.

I.   BACKGROUND

Plaintiff alleged the following in his complaint. Plaintiff was born in the United Soviet Socialist Republic State of Uzbekistan in 1975. (Compl., ECF No. 1, ¶¶17-18.) In 1991, at age 15, Plaintiff immigrated to the United States with his mother, without his own passport. (Id., ¶¶19-21.)  On November 8, 2006, an ICE Field Office Director issued an Order of Supervision stating that Plaintiff was

ordered removed on September 18, 2001. (Id., ¶¶23-24.)

On July 1, 2015, in the United States District Court, Southern District of New York, Plaintiff pled guilty to one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349. (Id., ¶25.) Plaintiff was sentenced, on January 8, 2016, to a 48-month prison term followed by a three-year term of supervised release. (Compl., ECF No. 1, Exhibits 3 and 4.) Plaintiff's projected release date is October 1, 2019. (Id., ¶29, and Exhibit 4.)

Because Plaintiff is subject to a final order of removal, ICE placed a detainer on him on August 1, 2016. (Id., ¶¶30-32.) The BOP designated Plaintiff with the "Deportable Alien" Public Safety Factor ("PSF"), which requires that he be housed in at least a low security level institution. (Compl., ECF No. 1, ¶¶39-41.) Plaintiff is stateless because the Republic of Uzbekistan refuses to acknowledge him as a citizen of the Republic, and the Russian Federation declined to grant him citizenship. (Compl., ECF No. 1, ¶56.) Plaintiff cannot be removed to Uzbekistan. (Id., ¶97.)

The BOP honors all ICE detainer requests. (Id., ¶¶73-75.) ICE's detainer request, seeking notification of Plaintiff's release date and his detention for 48 hours after his scheduled release, was not accompanied by a warrant. (Id., ¶¶75-76.) The ICE detainer excludes Plaintiff from RRC placement consideration. (Id., ¶91.)

In Count One of his complaint, Plaintiff asserts he has a statutory right under 18 U.S.C. § 3624(c) to be individually

considered for RRC placement. (Id., ¶¶104-08.) The BOP policy of delaying confirmation of ICE detainers until three months prior to the inmate's release date denies Plaintiff his statutory right to individual consideration for RRC placement. (Id., ¶¶107-08.) ICE's incorrect designation of Plaintiff as a citizen of Uzbekistan impacts his right to be considered for RRC placement. (Id., ¶¶116-17.)

For relief, Plaintiff seeks declaratory judgment under 28 U.S.C. § 2201(a) of the following:

> A. That 18 U.S.C. § 3624, as amended by the Second Chance Act, confers upon the Plaintiff a right to be considered, individually, for placement in an appropriate BOP residential reentry center.
>
> B. The the BOP's current policy of blindly and automatically accepting and lodging detainers against an inmate, specifically the plaintiff, coupled with its policy of seeking confirmation of such detainers only within 90 days of the Plaintiff's release, acts as a constructive violation of the Plaintiff's rights under 18 U.S.C. 3624.
>
> C. That the BOP does not have the discretion to NOT perform an individual consideration of the Plaintiff for placement in an appropriate RRC.
>
> D. The BOP does have the discretion to decline to honor a request for voluntary action, received from ICE.
>
> E. That the Plaintiff was born in the former Soviet State of Uzbekistan.
>
> F. The Republic of Uzbekistan is an entirely separate governmental entity from the former Soviet State of Uzbekistan.
>
> G. That the Plaintiff is not a citizen of the

Republic Of Uzbekistan.

H. The Plaintiff has no citizenship or standing
in the Russian
Federation.

I. The Plaintiff is stateless.

(Compl., ECF No. 1 at 22.)

Additionally, Plaintiff seeks an injunction pursuant to Federal Rule of Civil Procedure 65, ordering the BOP to disregard the ICE detainer lodged against him and to consider an individual RRC placement determination under 18 U.S.C. § 3624. (Compl., ECF No. 1 at 23.) Plaintiff contends he is not subject to the Prison Litigation Reform Act, and he is not required to exhaust the BOP's administrative remedy program. (Compl., ¶¶101, 102.)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Federal Defendants seek dismissal of the complaint for failure to state a claim upon which relief may be granted. (Fed. Defs' Brief, ECF No. 7-1 at 8.) First, the Federal Defendants contend the complaint should be dismissed because all claims stem from the BOP's determination that Plaintiff fits the category of "Deportable Alien," and inmates do not have a protected liberty interest in their custody classification or placement of confinement. (Id. at 9-10.) Furthermore, the Federal Defendants assert that even if Plaintiff will not be removed from the United States in the future, he is not a U.S. Citizen, which is the key factor the BOP considers in applying the Deportable Alien PSF. (Id. at 10.)

Second, the Federal Defendants submit that 18 U.S.C. § 3624(c) provides the BOP with directions on pre-release custody for inmates, including release to a residential reentry center. (Defs' Brief, ECF No. 7-1 at 11.) The statute, however, does not create a protected interest or guarantee a right to release to a particular facility, nor does it permit an inmate to sue for removal of a PSF. (Id.)

Third, the Federal Defendants assert Plaintiff does not state a claim against ICE for "Improper Declaration of Citizenship," as alleged in Count Two of the complaint. (Id. at 12.) The Federal Defendants note Plaintiff is confined pursuant to his lawful conviction, and neither ICE nor the Executive Office for Immigration Review ("EOIR") have made a determination that Plaintiff's deportation is warranted. (Id. at 12, n. 3.) Because Plaintiff is not a United States citizen, and that is the basis for his Deportable Alien PSF, there is no constitutional violation for misidentifying his citizenship. (Id. at 12.)

Fourth, the Federal Defendants maintain that the BOP's decision to designate him as a Deportable Alien is the type of agency decision that is exempt from review under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). (Id. at 13.)  18 U.S.C. § 3625 exempts the BOP from review of security level determinations. (Fed. Defs' Brief, ECF No. 7-1 at 13.)

Finally, the Federal Defendants contend that Plaintiff is not entitled to injunctive relief directing the BOP to disregard the ICE

detainer. (Id. at 14.) Plaintiff cannot demonstrate the likelihood of success on the merits of his claims, and is thus not entitled to preliminary injunctive relief under Fed. R. Civ. P. 65. (Id. at 15.) Moreover, Plaintiff's claim for injunctive relief is not ripe because Plaintiff was not eligible to be considered for RRC placement when he filed the complaint, nor has he been denied RRC placement. (Id.)

II.  LEGAL STANDARD

A party may assert by motion the defense of failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted in original). "[A] court must accept as true all of the allegations contained in a complaint. ... Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

III. DISCUSSION

The Declaratory Judgment Act, 28 U.S.C. § 2201, merely defines a remedy; it does not provide an independent basis for subject-matter jurisdiction. Allen v. DeBello, 861 F.3d 433, 444 (3d Cir. 2017). Therefore, Plaintiff must provide another basis for jurisdiction in this Court.

The complaint does not state a claim for violation of a federal constitutional right. "[T]he assignment of a deportable alien PSF, in itself, does not implicate the Due Process Clause…." Becerra v. Miner, 248 F. App'x 368, 370 (3d Cir. 2007) (per curiam). "'As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.'" Fraise v. Terhune, 283 F.3d 506, 522 (3d Cir. 2002) (citing Asquith v. Dep't of Corr., 186 F.3d 407, 410 (3d Cir. 1999) (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)). See Mundo-Violante v. Warden Loretto FCI, 654 F. App'x 49, 52 (3d Cir. 2016) ("the assignment of a Deportable Alien PSF, in itself, does not implicate the Due Process Clause…")

Furthermore, Plaintiff does not have cognizable liberty interest in an anticipated transfer to a community correctional center ("CCC") or RRC. See Powell v. Weiss, 757 F.3d 338, 344 (3d Cir. 2014) (finding prisoner did not have an independent due process liberty interest in pre-release statute and associated transfer to

CCC, which was rescinded). Moreover, loss of pre-release status is not an "atypical and significant hardship" compared to the ordinary incidents of prison life that creates a due process liberty interest. Id. (citing Sandin v. Conner, 515 U.S. 472 (1995)). Thus, Plaintiff has not stated a Bivens claim for violation of his liberty interest under the Due Process Clause of the Fifth Amendment.

In Count One, Plaintiff alleges he has a statutory right to individual consideration for RRC placement. 18 U.S.C. § 3624(c)(1), (4) provide:

> (1) In general.--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

> . . .

> (4) No limitations.--Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.

Under 18 U.S.C. § 3621(b), the BOP designates the place for a prisoner's imprisonment, taking into account: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission

pursuant to section 994(a)(2) of title 28.

The BOP classifies inmates according to their required level of security and supervision and their program needs, pursuant to BOP Program Statement 5100.08, Inmate Security Designation and Custody Classification. An inmate who is not a U.S. citizen is designated with a Public Safety Factor of "Deportable Alien." Id., Ch. 5, page 9, H. According to BOP Program Statement 7310.04(10)(b), inmates with a Deportable Alien PSF do not qualify for RRC placement. The Deportable Alien PSF may be removed when ICE or the EOIR determines that deportation proceedings are unwarranted or if there is a finding not to deport at the completion of deportation proceedings. BOP Program Statement 5100.08, Ch. 5, page 9, H.

A BOP Program Statement is entitled to "some deference," if it is a permissible construction of a statute. Reno v. Koray, 515 U.S. 50, 61 (1995); but see Roussos v. Menifee, 122 F.3d 159, 163-64 (3d Cir. 1997) (BOP Program Statement must be rejected if it is inconsistent with clear language of the statute.)

A prisoner, however, has a statutory right under the Second Chance Act, 18 U.S.C. § 3624, for individual consideration of the factors described in 18 U.S.C. § 3621(b) for pre-release placement in a CCC or RRC. Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 250-51 (3d Cir. 2005) ("that the BOP may assign a prisoner to a CCC does not mean that it must.") "Courts enforce Article III's case-or-controversy requirement through several justiciability

doctrines, one of which is ripeness." <u>Porter-Bey v. Bledsoe</u>, 456 F. App'x 109, 110 (3d Cir. 2012). "A claim is not ripe for adjudication if it rests on some contingent future event." <u>Id.</u>

When Plaintiff filed the instant complaint on May 23, 2017, his protected release date of October 1, 2019 was more than sixteen months in the future. 18 U.S.C. § 3624(c)(1) provides that, to the extent practicable, a prisoner should spend the final months of a term of imprisonment, not to exceed twelve months, under conditions that afford him a reasonable opportunity to adjust to reentry in the community. Plaintiff's complaint was premature because he still had the opportunity for a 12-month RRC placement, if otherwise eligible.

Moreover, as in <u>Porter-Bey</u>, Plaintiff has not yet received a final RRC placement decision pursuant to 18 U.S.C. §§ 3624, 3621(b). Under the circumstances, a declaratory judgment would constitute "an opinion advising what the law would be upon a hypothetical state of facts." <u>Presbytery of New Jersey of Orthodox Presbyterian Church v. Florio</u>, 440 F.3d 1454 (3d Cir. 1994) (quoting <u>Step-Saver Data Systems, Inc. v. Wyse Technology</u>, 912 F.2d 643, 649 (3d Cir. 1990) (quoting <u>Aetna Life Ins. Co. v. Haworth</u>, 300 U.S. 227, 241 (1937)).

According to the February 12, 2018 Declaration of Mary McCollum, Case Manager at FCI Fort Dix, Plaintiff was transferred to FCI Allenwood, an institution which facilitates ICE hearings for inmates. (Declaration of Mary McCollum, ECF No. 10-1.) Plaintiff may seek to have the ICE detainer lifted in an IHP hearing. (Fed. Defs'

Letter, ECF No. 10, citing BOP Program Statement 5111.04.) The parties have not informed this Court of the result of Plaintiff's IHP hearing.

Plaintiff's statutory claim is not ripe for judicial review. See Porter-Bey, 456 F. App'x at 111 (affirming district court's dismissal of habeas petition as not ripe for judicial review because no final decision on RRC placement had been made in his case); see Presbytery of New Jersey of Orthodox Presbyterian Church, 40 F.3d 1454 (3d Cir. 1994) ("Although the party seeking review need not have suffered a completed harm to establish adversity of interest … it is necessary that there be a substantial threat of real harm and that the threat must remain real and immediate throughout the course of the litigation" (quoting Salvation Army v. Department of Community Affairs, 919 F.2d 183, 192 (3d Cir. 1990) (internal quotations omitted). If, at any time, a court determines that it lacks jurisdiction, the court must dismiss the action. Fed. R. of Civ. P. 12(h)(3).

VI.  CONCLUSION

For the reasons discussed above, the Court dismisses the complaint without prejudice for lack of jurisdiction because it is not ripe.

An appropriate Order follows.

Date: May 24, 2018

                                            <ins>s/Renée Marie Bumb</ins>
                                            **RENÉE MARIE BUMB**
                                            **United States District Judge**