**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| ALBERT MIKHAYLOVICH BARATOV, | : | Civ. Action No. 17-3775 (RMB) |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| THOMAS R. KANE *et al.*, | : | |
| Defendants. | : | |

**BUMB**, District Judge

    This matter comes before the Court upon Plaintiff's motion for relief from judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 60(b)(2) ("Pl's Mot. for Relief," ECF No. 15) and the Federal Defendants' status update. (Fed. Defs' Letter, ECF No. 22). For the reasons set forth below, the Court will vacate its Opinion and Order dated May 24, 2018, under the more lenient standard under Rule 60(b)(6), based on new facts establishing that Plaintiff's claims for RRC placement consideration are ripe. However, upon vacating the May 24, 2018 Opinion and Order, Defendants' motion to dismiss is no longer moot and will be reopened.

    The Court will direct the Clerk to open a new civil action under 28 U.S.C. § 2241, where the Court will address Plaintiff's challenge to the BOP's failure to consider him for RRC placement,

and Defendants' motion to dismiss such claims. In this action, the Court will address whether Plaintiff states a constitutional claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

I. BACKGROUND

Plaintiff Albert Mikhaylovich Baratov, an inmate confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix") filed this action on May 23, 2017, seeking declaratory and injunctive relief to have an ICE detainer that was lodged against him removed to allow his consideration for placement in a residential reentry center ("RRC"). (Compl., ECF No. 1.) The Federal Defendants[1] brought a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Fed. Defs' Mot. to Dismiss, ECF No. 7.) On May 24, 2018, this Court screened the Complaint under 28 U.S.C. § 1915A(b) and dismissed this action for lack of jurisdiction because Plaintiff's claims were not ripe, and the Court dismissed Defendants' motion to dismiss as moot. (Opinion, ECF No. 11; Order, ECF No. 12.)

---

[1] The Federal Defendants are the Director of the Federal Bureau of Prisons ("BOP"), the Director of the Department of Homeland Security, and the Director of the Immigration and Customs Enforcement Agency ("ICE"). (Fed. Defs' Mot. to Dismiss, ECF No. 7-1 at 5.) Plaintiff also included John Does #2-5 in the caption of his Complaint. (Compl., ECF No. 1.) Plaintiff did not allege any facts indicating how John Does #2-5 violated his rights. The Court will dismiss John Does #2-5 without prejudice for failure to state a claim.

2

II. DISCUSSION

   A.   Federal Rule of Civil Procedure 60(b)

   Plaintiff filed a motion for relief from judgment on the pleadings under Federal Rule of Civil Procedure 60(b)(2), which provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: … (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b).

   Plaintiff seeks relief from the Court's May 24, 2018 Opinion and Order dismissing the Complaint on the basis that his claims for relief were not ripe. Plaintiff asserts there was a mistake in the record concerning his projected release date, and upon correction of the error, his claims are ripe and should be adjudicated on the merits. (Pl's Mot. for Relief, ECF No. 15.)

   In support of his motion, Plaintiff asserts that his original sentence to a 48-month term of imprisonment was vacated, and on May 10, 2017, a revised sentence of 40-months imprisonment was imposed. (Id., citing Ex. A, ECF No. 11 at 4-5.) Therefore, when the BOP updated his record, his new release date is March 3, 2019. (Id., Ex. B, ECF No. 15 at 6.)

   Pursuant to this Court's Order dated February 8, 2019 (Order, ECF No. 21), the Federal Defendants submitted a status update

regarding Plaintiff's IHP hearing and RRC placement consideration. (Letter, ECF No. 22.) As part of the IHP process, BOP staff communicated with ICE and learned that Plaintiff is subject to a final order of removal issued by an immigration judge on September 18, 2001. (Letter, Ex. A, ECF No. 22-1 at 1.) ICE was unable to execute Plaintiff's order of removal at that time and Plaintiff was released from ICE custody after the removal order was entered. (Letter, ECF No. 22 at 1.) Plaintiff then committed the offense underlying his present incarceration. (Id. at 1-2.)

After the BOP and ICE shared this information, ICE "did not conduct an additional IFP hearing, and the BOP changed Plaintiff's IHP hearing status from 'pending' to 'complete.'" (Id. at 2, citing Ex. B, ECF No. 22-1 at 4.) Therefore, the ICE detainer will remain in place until ICE determines, upon conclusion of Plaintiff's sentence, whether it will be able to effect Plaintiff's removal. (Letter, ECF No. 22 at 2.) The Federal Defendants contend Plaintiff is ineligible for RRC placement consideration because he is subject to a final removal order. (Id.)

In the Complaint, which Plaintiff signed on May 15, 2017, he alleged that his projected release date was October 19, 2019, based on his sentence to a 48-month term of imprisonment. (Compl., ECF No. 1, ¶29.) Plaintiff did not allege any facts regarding resentencing, which occurred on May 10, 2017. The Court's determination that Plaintiff's claim for RRC placement was not

4

ripe was consistent with the facts Plaintiff alleged in his Complaint.

Plaintiff has now alleged that upon his resentencing, his projected release date, including good conduct time, is March 3, 2019. (Pl's Mot. for Relief, Ex. B, ECF No. 15 at 6.) Although a plaintiff would typically be required to file an Amended Complaint alleging these new facts, the new allegations pertain only to whether Plaintiff's RRC placement claim is ripe. The Court will grant Plaintiff relief from the Opinion and Order dated May 24, 2018, pursuant to Rule 60(b)(6), which permits the Court to relieve a party from a final order for any reason that justifies relief. Based on Plaintiff's allegations of his resentencing, his claim for relief seeking RRC placement consideration is ripe and delay in addressing the claim might result in the claim becoming moot.

Vacation of the Court's May 24, 2018 Opinion and Order means that Defendants' motion to dismiss under Rule 12(b)(6) is no longer moot and must also be considered by the Court.

    B.    <u>Defendants' Motion to Dismiss</u>

Plaintiff alleged the following in the Complaint. Plaintiff was born in the United Soviet Socialist Republic, State of Uzbekistan in 1975. (Compl., ECF No. 1, ¶¶17-18.) In 1991, at age 15, Plaintiff immigrated to the United States with his mother, without his own passport. (<u>Id.</u>, ¶¶19-21.) On November 8, 2006, an ICE Field Office Director issued an Order of Supervision stating

that Plaintiff was ordered removed on September 18, 2001. (Compl., ECF No. 1, ¶¶23-24.) In their status update, the Federal Defendants submitted a copy of Plaintiff's removal order (Letter, Ex. A, ECF No. 22-1 at 2) which this Court may consider on a motion to dismiss because Plaintiff referred to the removal order in the Complaint. See In re Burlington Coat Factories Litigation, 114 F.3d 1410, 1424-25 (3d Cir. 1997) (in ruling on a motion to dismiss, court may consider "facts alleged in the Complaint and the documents on which the claims made therein were based.")

On July 1, 2015, in the United States District Court, Southern District of New York, Plaintiff pled guilty to one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349. (Compl., ECF No. 1, ¶25.) Plaintiff was sentenced, on January 8, 2016, to a 48-month prison term followed by a three-year term of supervised release. (Compl., ECF No. 1, Exhibits 3 and 4.) As discussed above, Plaintiff was resentenced on May 10, 2017, and his projected release date is March 3, 2019. (Pl's Mot. for Relief, Ex. B, ECF No. 15 at 6.)

Plaintiff alleged that because he is subject to a final order of removal, ICE placed a detainer on him on August 1, 2016. (Id., ¶¶30-32.) The BOP designated Plaintiff with the "Deportable Alien" Public Safety Factor ("PSF"), which requires that he be housed in at least a low security level institution. (Id., ¶¶39-41.) Plaintiff is stateless because the Republic of Uzbekistan refuses

to acknowledge him as a citizen of the Republic, and the Russian Federation declined to grant him citizenship. (Compl., ECF No. 1, ¶56.) Plaintiff cannot be removed to Uzbekistan. (Id., ¶97.)

The BOP honors all ICE detainer requests. (Compl., ECF No. 1, ¶¶73-75.) ICE's detainer request, seeking notification of Plaintiff's release date and his detention for 48 hours after his scheduled release, was not accompanied by a warrant. (Id., ¶¶75-76.) The ICE detainer excludes Plaintiff from RRC placement consideration. (Id., ¶91.)

In Count One of the Complaint, Plaintiff asserts he has a statutory right under 18 U.S.C. § 3624(c) to be individually considered for RRC placement. (Id., ¶¶104-08.) The BOP policy of delaying confirmation of ICE detainers until three months prior to the inmate's release date denies Plaintiff his statutory right to individual consideration for RRC placement. (Id., ¶¶107-08.) ICE's incorrect designation of Plaintiff as a citizen of Uzbekistan impacts his right to be considered for RRC placement. (Id., ¶¶116-17.)

For relief, Plaintiff seeks declaratory judgment under 28 U.S.C. § 2201(a) of the following:

> A. That 18 U.S.C. § 3624, as amended by the Second Chance Act, confers upon the Plaintiff a right to be considered, individually, for placement in an appropriate BOP residential reentry center.

> B. The BOP's current policy of blindly and automatically accepting and lodging detainers against an inmate, specifically the plaintiff, coupled with its policy of seeking confirmation of such detainers only within 90 days of the Plaintiff's release, acts as a constructive violation of the Plaintiff's rights under 18 U.S.C. 3624.
>
> C. That the BOP does not have the discretion to NOT perform an individual consideration of the Plaintiff for placement in an appropriate RRC.
>
> D. The BOP does have the discretion to decline to honor a request for voluntary action, received from ICE.
>
> E. That the Plaintiff was born in the former Soviet State of Uzbekistan.
>
> F. The Republic of Uzbekistan is an entirely separate governmental entity from the former Soviet State of Uzbekistan.
>
> G. That the Plaintiff is not a citizen of the Republic Of Uzbekistan.
>
> H. The Plaintiff has no citizenship or standing in the Russian Federation.
>
> I. The Plaintiff is stateless.

(Compl., ECF No. 1 at 22.)

Additionally, Plaintiff seeks an injunction pursuant to Federal Rule of Civil Procedure 65, ordering the BOP to disregard the ICE detainer lodged against him and to consider an individual RRC placement determination under 18 U.S.C. § 3624. (Compl., ECF No. 1 at 23.) Plaintiff contends he is not subject to the Prison

Litigation Reform Act, and he is not required to exhaust the BOP's administrative remedy program. (Compl., ¶¶101, 102.)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Federal Defendants seek dismissal of the complaint for failure to state a claim upon which relief may be granted. (Fed. Defs' Brief, ECF No. 7-1 at 8.)[2] First, the Federal Defendants contend the Complaint should be dismissed because all claims stem from the BOP's determination that Plaintiff fits the category of "Deportable Alien," and inmates do not have a protected liberty interest in their custody classification or placement of confinement. (Id. at 9-10.) Furthermore, the Federal Defendants assert that even if Plaintiff will not be removed from the United States in the future, he is not a U.S. Citizen, which is the key factor the BOP considers in applying the Deportable Alien PSF. (Id. at 10.)

Second, the Federal Defendants submit that 18 U.S.C. § 3624(c) provides the BOP with directions on pre-release custody for inmates, including release to a residential reentry center. (Fed. Defs' Brief, ECF No. 7-1 at 11.) The statute, however, does not create a protected interest or guarantee a right to release to a

---

[2] The Federal Defendants reserve the right to file a motion based on Plaintiff's failure to exhaust administrative remedies. (Fed. Defs' Brief, ECF No. 7-1 at 9, n.2.)

9

particular facility, nor does it permit an inmate to sue for removal of a PSF. (Fed. Defs' Brief, ECF No. 7-1 at 11.)

Third, the Federal Defendants assert Plaintiff does not state a claim against ICE for "Improper Declaration of Citizenship," as alleged in Count Two of the Complaint. (Id. at 12.) The Federal Defendants note Plaintiff is confined pursuant to his lawful conviction. (Id. at 12, n. 3.) Because Plaintiff is not a United States citizen, and that is the basis for his Deportable Alien PSF, there is no constitutional violation for misidentifying his citizenship. (Id. at 12.)

Fourth, the Federal Defendants maintain that the BOP's decision to designate him as a Deportable Alien is the type of agency decision that is exempt from review under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). (Id. at 13.) 18 U.S.C. § 3625 exempts the BOP from review of security level determinations. (Fed. Defs' Brief, ECF No. 7-1 at 13.)

Finally, the Federal Defendants contend that Plaintiff is not entitled to injunctive relief directing the BOP to disregard the ICE detainer. (Id. at 14.) Plaintiff cannot demonstrate the likelihood of success on the merits of his claims and is not entitled to preliminary injunctive relief under Fed. R. Civ. P. 65. (Id. at 15.)

III. LEGAL STANDARD

A party may assert by motion the defense of failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted in original). "[A] court must accept as true all of the allegations contained in a complaint. ... Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

IV. DISCUSSION

The Declaratory Judgment Act, 28 U.S.C. § 2201, merely defines a remedy; it does not provide an independent basis for subject-matter jurisdiction. Allen v. DeBello, 861 F.3d 433, 444 (3d Cir. 2017). Therefore, Plaintiff must provide another basis for jurisdiction in this Court.

    A.    <u>Whether the Complaint States a Bivens Claim</u>

> In 1871, Congress passed a statute that was later codified at Rev. Stat. § 1979, 42 U.S.C. § 1983. It entitles an injured person to money damages if a state official violates his or her constitutional rights. Congress did not create an analogous statute for federal officials. . . . In 1971, . . . [t]he Court held that, even absent statutory authorization, it would enforce a damages remedy to compensate persons injured by *federal officers* who violated the prohibition against unreasonable search and seizures. *See* [Bivens], 403 U.S. at 397.

Ziglar v. Abbasi, 137 S. Ct. 1843, 1854 (2017) (emphasis added). Assuming, solely for purposes of the Federal Defendants' motion to dismiss, that Bivens extends to Due Process claims under the Fifth Amendment in this context, the Complaint does not state a claim for violation of a federal constitutional right. "[T]he assignment of a deportable alien PSF, in itself, does not implicate the Due Process Clause…." Becerra v. Miner, 248 F. App'x 368, 370 (3d Cir. 2007) (per curiam). "'As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.'" Fraise v. Terhune, 283 F.3d 506, 522 (3d Cir. 2002) (citing Asquith v. Dep't of Corr., 186 F.3d 407, 410 (3d Cir. 1999) (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)). See Mundo-Violante v. Warden Loretto FCI, 654 F. App'x 49, 52 (3d Cir. 2016) (per curiam) ("the

assignment of a Deportable Alien PSF, in itself, does not implicate the Due Process Clause…")

Furthermore, Plaintiff does not have cognizable liberty interest in an anticipated transfer to a community correctional center ("CCC") or RRC. See Powell v. Weiss, 757 F.3d 338, 344 (3d Cir. 2014) (finding prisoner did not have an independent due process liberty interest in pre-release statute and associated transfer to CCC, which was rescinded). Moreover, loss of pre-release status is not an "atypical and significant hardship" compared to the ordinary incidents of prison life that creates a due process liberty interest. Powell, 757 at 344 (citing Sandin v. Conner, 515 U.S. 472 (1995)). Thus, Plaintiff has not stated a Bivens claim for violation of his liberty interest under the Due Process Clause of the Fifth Amendment.

    B.   Jurisdiction Over Claim for Individual Consideration for RRC Placement

In Count One, Plaintiff alleges he has a statutory right to individual consideration for RRC placement.[3] 18 U.S.C. § 3624(c)(1), (4) provide:

> (1) In general.--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of

---

[3] Judicial review of the BOP's determinations under 18 U.S.C. § 3624 is not available under the Administrative Procedure Act. 18 U.S.C. § 3625; see Burnam v. Marberry, 313 F. App'x 455, 456 (3d Cir. 2009) (per curiam) (Congress precluded judicial review of claims challenging BOP security and classification determinations under § 706 of the APA.)

>       imprisonment spends a portion of the final
>       months of that term (not to exceed 12 months),
>       under conditions that will afford that
>       prisoner a reasonable opportunity to adjust to
>       and prepare for the reentry of that prisoner
>       into the community. Such conditions may
>       include a community correctional facility.
>
>       . . .
>
>       (4) No limitations.--Nothing in this
>       subsection shall be construed to limit or
>       restrict the authority of the Director of the
>       Bureau of Prisons under section 3621.

Under 18 U.S.C. § 3621(b), the BOP designates the place for a prisoner's imprisonment, taking into account: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

A prisoner has a statutory right under the Second Chance Act, 18 U.S.C. § 3624, for individual consideration of the factors described in 18 U.S.C. § 3621(b) for pre-release placement in a CCC or RRC. <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d 235, 250-51 (3d Cir. 2005) ("that the BOP may assign a prisoner to a CCC does not mean that it must.") An inmate "may resort to federal habeas corpus to challenge a decision to limit his RRC placement." <u>Woodall</u>, 432 F.3d at 243-44. Plaintiff did not bring his claim in a habeas petition. The Court will, however, instruct the Clerk of

Court to file a copy of the instant complaint in a new action under 28 U.S.C. § 2241,[4] and the Court will consider Count One of the Complaint as a habeas claim.

### C. Whether Jurisdiction Exists for Plaintiff to Challenge ICE's Determination that he is a citizen of Uzbekistan

In Count Two of the Complaint, Plaintiff alleges that ICE improperly declared him a citizen of Uzbekistan. As an initial matter, Plaintiff is not in custody pursuant to the ICE detainer while he is serving a federal sentence. See Mundo-Violante, 654 F. App'x at 51. Therefore, he may not seek relief from the ICE detainer under 28 U.S.C. § 2241 based on his allegation that ICE misidentified his citizenship. Id.

Furthermore, to the extent that Plaintiff is attempting to challenge his final order of removal by contesting his citizenship in Uzbekistan,

> [8 U.S.C.] Section 1252(g), as amended by the REAL ID Act. Pub. L. No. 10943, 119 Stat. 231 (2005), explicitly bars judicial review by district courts of three classes of actions and decisions committed to the Government's discretion: "the 'decision or action to [(a)] commence proceedings, [(b)] adjudicate cases, or [(c)] execute removal orders.'" *Chehazeh v. Att'y Gen.*, 666 F.3d 118, 134 (3d Cir. 2012) (quoting *Reno v. American–Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)).

---

[4] Under 28 U.S.C. § 2241(c)(3), habeas jurisdiction "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States."

Allen v. Holder, No. CV 13-5736 (JBS-JS), 2016 WL 4402820, at *2 (D.N.J. Aug. 17, 2016). "A petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter…" 8 U.S.C. § 1252(a)(5). Therefore, Count Two of the Complaint fails to state a claim.

V. CONCLUSION

For the reasons discussed above, the Court will dismiss John Does #2-5 without prejudice for failure to state a claim. The Complaint also fails to state a Bivens claim against the Federal Defendants and any challenge to Plaintiff's final order of removal must be brought in the appropriate court of appeals. The Court will dismiss the Bivens claims against the Federal Defendants with prejudice.

The Court will also direct the Clerk to file a copy of Plaintiff's Complaint and the Federal Defendants' motion to dismiss in a new habeas action under 28 U.S.C. § 2241. The new action under § 2241 shall include the Warden of FCI Fort Dix as a Respondent. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("in habeas challenges to present physical confinement-"core challenges"-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held…") The

Court will address Plaintiff's claim under 18 U.S.C. § 3624(c)(1) in the habeas action.

An appropriate order follows.

Date: February 22, 2019

                                       s/Renée Marie Bumb
                                       **RENÉE MARIE BUMB**
                                       **United States District Judge**